STATE *ex rel* FORSYTH CARO, as County Solicitor of Escambia County, v. R. POPE REESE, as Judge of the Court of Record of Escambia County.

195 So. 918
En Banc
Opinion Filed May 10, 1940

*Forsyth Caro* and *Albert Caro,* for Petitioner;

*Coe & McLane,* for Defendant;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, *Amicus Curiae.*

PER CURIAM.—In proceedings on a Rule in Prohibition issued by this Court it appears that:

"On the 11th of September, 1939, Forsyth Caro, as County Solicitor of Escambia County, Florida, filed in the Court of Record of Escambia County, Florida, a criminal information charging Jim Bailey, Charlie Helton and Johnnie Johnson, with the crime of breaking and entering and grand larceny, and on the 29th day of September an amended information was filed, charging the same defendants with breaking and entering, grand larceny, and receiving stolen property. On the 15th day of November, 1939, * * * John Lewis Reese, an attorney at law, filed his written appearance for one of the defendants, Johnnie Johnson, alleging that he was re-

lated to Honorable R. Pope Reese, Judge of the Court of Record of Escambia County, Florida, within the third degree of consanguinity, in that he was the son of the judge of said court, suggesting that said judge was disqualified under the law to sit in said cause. And the judge of said court on the 15th day of November, 1939, certified his disqualification. On the 27th day of February, 1940, the judge of said court entered an order in the cause certifying that he was disqualified as to the defendant, Johnnie Johnson only, and that no ground of disqualification existed in the cause as to the other defendants, stating that said disqualification automatically resulted in a severance in the case."

The trial judge takes the view that he is only disqualified as to Johnnie Johnson, one of the defendants.

. Section 3, Chapter 16053, Acts of 1933, contains the following: "In any cause in any of the courts of this State any party to said cause, or any person or corporation interested in the subject matter of such litigation, may at any time before final judgment, if the case be one at law, and at any time before final decree, if the case be one in chancery, show by a suggestion filed in the case that the judge before whom the cause is pending, or some person related to said judge by consanguinity or affinity within the third degree is a party thereto, or is interested in the result thereof, or that said judge is related to an attorney or counsellor of record in said cause by consanguinity or affinity within the third degree." Sec. 4155 (2) Supple. Comp. Gen. Laws, v. 4.

The statute relates to any cause in any of the courts of this state and imposes a legal disqualification upon the judge before whom the cause is pending, when a son of the judge is employed as counsel in the cause for one or more of the defendants in a cause or for any of the other reasons stated in the statute. Such disqualification of the judge extends to

the entire cause; and the disqualification cannot be removed from any part of a cause by the certificate of the disqualified judge that he is disqualified only as to the defendant in the cause who is represented by the son of the judge, the other defendants having separate counsel in the cause.

In this cause when the son of the trial judge was employed as counsel in the cause for one of the three defendants charged with the same offense, in one indictment or information, the judge is automatically disqualified by the statute upon the filing of the suggestion of disqualification required by the statute. This being so, the certificate of the judge that he is disqualified only as to the defendant in the cause for whom the son of the judge is counsel, did not in law operate as a severance of the parties defendant in the cause for purposes of a trial, and did not affect the statutory disqualification of the judge to try any one of the defendants in the cause.

The Rule in Prohibition is made absolute.

TERRELL, C. J., WHITFIELD, P. J., BROWN, BUFORD, CHAPMAN and THOMAS, J. J. concur .